[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-12734
Non-Argument Calendar

_____

Agency No. A079-668-463

LI-JIAO CHEN,
a.k.a. Chung Hung Chen,

Petitioner,

versus

US ATTORNEY GENERAL,

Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(February 6, 2013)

Before CARNES, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Li-Jiao Chen, whose true name is said to be Rong Huang, proceeding

through counsel, petitions for review of the Board of Immigration Appeals'

("BIA") decision denying her motion to reopen the proceedings on her application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). In her initial application, filed in 2002, Chen sought asylum because Chinese family planning officers were allegedly after her for marrying in secret and before she was of legal age to do so. The Immigration Judge ("IJ") denied Chen's application because he found that she did not sufficiently or persuasively show past persecution, and, in 2004, the BIA affirmed the IJ's decision. In her motion to reopen, filed in 2012, Chen claims to have converted to Christianity and argues that conditions for Christians have worsened in China since her initial asylum application. The BIA concluded that her motion was untimely, and that she had not shown a change in country conditions, but merely a change in personal circumstances. On appeal, Chen argues that the BIA erred in concluding that she had not shown changed country conditions. After thorough review, we deny the petition.

We review the denial of a motion to reopen for abuse of discretion. Zhang v. U.S. Att'y Gen., 572 F.3d 1316, 1319 (11th Cir. 2009). Our review is limited to determining whether the BIA exercised its discretion in an arbitrary or capricious manner. Id. The movant bears a heavy burden because motions to reopen are especially disfavored in removal proceedings. Id.

2

Under the Immigration and Nationality Act ("INA"), a "motion to reopen shall be filed within 90 days of the date of entry of a final administrative order of removal," subject to certain exceptions. 8 U.S.C. 1229a(c)(7)(C)(i). The 90-day period for filing a motion to reopen has been characterized as mandatory and jurisdictional. Abdi v. U.S. Att'y Gen., 430 F.3d 1148, 1150 (11th Cir. 2005). However, the 90-day time limit does not apply if the motion to reopen is "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing." 8 C.F.R. § 1003.2(c)(3)(ii). Nonetheless, an alien cannot avoid the requirement of changed country conditions by showing only a change in personal circumstances. Zhang, 572 F.3d at 1319.

Here, Chen has not shown that the BIA acted arbitrarily or capriciously in determining that she had not shown changed country conditions. Chen's motion came eight years after the BIA's final decision. The BIA determined -- after considering the proffered 2009 and 2010 Country Reports on China, a congressional commission report on China, China Aid Association reports, and various media reports -- that Chen had not shown a change in country conditions since the time of her original hearing. The 2001 Country Report notes that China's respect for religious freedom remained poor and that crackdowns on unregistered

3

groups, including underground Protestant groups, continued.  The 2001 Report also states, however, that official repression against underground protestant groups in Chen's home province of Fujian "eased somewhat."  In her initial brief, Chen quotes a 2003 Country Report that authorities "particularly targeted" unofficial Catholic churches in Fujian province.  But this focus is misplaced because the 2003 report is nine years out of date and this limited reference does not show changed country conditions relative to the time of Chen's hearing.  Additionally, the more recent 2009 and 2010 Reports emphasize harassment of house church leaders and members in other areas, but they do not mention Fujian province.

Beyond that, Chen focuses on general reports of intolerance, harassment, and persecution of unauthorized religious groups in China -- from the State Department and the media -- but Chen does not show how these reports indicate a worsening of conditions in Fujian province and has not shown any such change in China generally.  Because the State Department and media reports did not clearly indicate that conditions for members of house churches in Fujian province or China as a whole are currently worse than they were in 2001, the BIA did not act arbitrarily or capriciously in determining that Chen had not shown changed country conditions.  Accordingly, we deny the petition.

**PETITION DENIED.**

4